# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00292-COA

**CEDRIC JACKSON**                                                         **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

DATE OF JUDGMENT:              01/25/2021
TRIAL JUDGE:                  HON. CELESTE EMBREY WILSON
COURT FROM WHICH APPEALED:    DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: MOLLIE MARIE McMILLIN
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ALEXANDRA RODU ROSENBLATT
DISTRICT ATTORNEY:            JOHN W. CHAMPION
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 03/15/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Cedric Jackson took his girlfriend's fourteen-year-old daughter D.B.[1] to a remote location in DeSoto County and forced her to perform oral sex on him. Jackson made a video of the sexual acts with his cell phone. After the girl told her grandmother what Jackson had done, Jackson was arrested, and the video was recovered from his cell phone. Jackson was indicted, tried, and convicted for sexual battery and filming a minor engaging in sexually explicit conduct. The trial judge sentenced Jackson to serve consecutive terms of thirty years

---

[1] Initials are used to protect the identities of minor children.

and forty years in the custody of the Mississippi Department of Corrections (MDOC).

¶2. On appeal, Jackson's appointed counsel filed a *Lindsey* brief, certifying that the case presents no arguable issues for appeal.[2] This Court entered an order granting Jackson additional time to file a pro se brief, but Jackson did not do so. Based on our independent review of the record, we agree that there are no arguable issues for appeal. Therefore, we affirm Jackson's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶3. Jackson lived with his girlfriend (Kim), Kim's daughter (D.B.), and Kim's son (R.A.) in Memphis, Tennessee, for approximately five years. In August 2015, Kim taught at a school in DeSoto County. D.B., who was fourteen years old and in the ninth grade, attended another school in DeSoto County. R.A. attended a school in Memphis. At the end of each school day, Jackson would pick up Kim, D.B., and R.A. from their respective schools—first R.A., then D.B., and lastly Kim. On August 14, 2015, Jackson deviated from this routine by taking R.A. home after picking him up from school in Memphis. R.A. testified that Jackson had never done that before—he had always gone with Jackson to pick up D.B. and Kim.

¶4. After Jackson picked up D.B., they did not go to Kim's school. Rather, Jackson drove to a remote location in DeSoto County, parked, and forcibly removed D.B. from the car. Jackson screamed at D.B. that she was a "whore" and a "slut." He said, "No one will ever love you like I love you. You're mine." Jackson dropped his pants and told D.B., "[Y]ou can be my b****, and I'm going to record you." Jackson then pushed D.B. to her knees and

___

[2] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

forced her to perform oral sex on him. He also pulled up her shirt and fondled her. D.B. testified that Jackson tried to remove her pants, but she resisted. Jackson made a video of the acts with his cell phone. He ejaculated in D.B.'s mouth, and some of his semen dripped onto her shirt.

¶5.     Jackson told D.B. that if she told anyone about what he had done, he would "kill [her] and [her] whole family" and post his cell phone video on the internet. Jackson bought a slushy at a nearby gas station and ordered D.B. to drink it to "clean out [her] mouth." Jackson then drove to Kim's school. Kim was upset because Jackson was two hours late to pick her up. D.B. did not tell her mother what Jackson had done because she was afraid. Jackson drove D.B. to her grandmother's house in Memphis, and Jackson and Kim went home. When D.B. entered her grandmother's house, she was crying hysterically. She told her grandmother what Jackson had done, and her grandmother consoled her and then called the police. D.B. later gave her shirt to a nurse at a rape crisis center.

¶6.     Officers with the Memphis Police Department interviewed Jackson the same day. Jackson waived his *Miranda* rights and consented to a search of his phone. The phone contained a graphic video, approximately three minutes in length, of Jackson forcing D.B. to perform oral sex on him. D.B.'s face is clear in the video. Jackson's face is not visible in the video, but he was wearing the same clothes in the video that he was wearing when the police questioned him about three hours after the video was made. When the police told Jackson that they had found the video, he became "visibly upset" and "highly emotional" and said that he was "going to jail for the rest of [his] life."

3

¶7. Jackson was arrested in Memphis. He was later indicted in DeSoto County for sexual battery of a child at least fourteen years but under sixteen years of age by a person at least thirty-six months older than the child, Miss. Code Ann. § 97-3-95(1)(c) (Rev. 2020),[3] and for filming a minor engaged in sexually explicit conduct, Miss. Code Ann. § 97-5-33(2) (Rev. 2020). Jackson waived his right to a jury trial and requested a bench trial.

¶8. At trial, D.B., her grandmother, R.A., and several law enforcement officers testified. The video of the crime was admitted into evidence and viewed by the trial judge. George Schiro also testified without objection as an expert in the field of forensic DNA analysis. Schiro testified that there were multiple seminal stains on the shirt that D.B. was wearing at the time of the alleged crime. Schiro further testified that the DNA profile of the seminal stains matched Jackson and that the probability of finding another person in the general population with the same DNA profile was less than 1 in 999 trillion.

¶9. The trial judge found Jackson guilty of both counts and sentenced him to serve consecutive terms of thirty years and forty years in MDOC custody. Jackson filed a motion for judgment notwithstanding the verdict or a new trial, which was denied, and a notice of appeal. As noted above, Jackson's appointed appellate counsel filed a *Lindsey* brief, certifying that the record presents no arguable issues for appeal. This Court entered an order granting Jackson forty days to file a pro se brief, but Jackson did not do so.

**ANALYSIS**

¶10. *Lindsey*, 939 So. 2d at 748 (¶18), establishes the "procedure to govern cases where

---

[3] Jackson was forty-two years old at the time of the acts.

appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." In this case, Jackson's appointed appellate counsel complied with that procedure and certified that there are no arguable issues for appeal. Pursuant to *Lindsey*, counsel sent Jackson a copy of the brief and advised him that he could file a pro se brief. This Court also entered an order granting Jackson time to file a pro se brief. Jackson has not filed a brief.

¶11.   Clearly, there is sufficient evidence to support Jackson's convictions. In addition, this Court has "conducted an independent and thorough review of the record, and we conclude that there are no issues that warrant reversal." *Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015). Therefore, Jackson's convictions and sentences are **AFFIRMED**.

   **BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**